IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CLEVELAND LENEL JAMISON,

    Plaintiff,

v.                                                     CASE NO. 1:10-cv-250-SPM-GRJ

ALACHUA COUNTY JAIL,
MR. HABERLAND, MR. JAMES,
and MR. ADKINS,

    Defendants.

_____/

**ORDER**

Pending before the Court for an initial screening is Plaintiff's *pro se* Complaint (Doc. 1) and Plaintiff's Motion to Proceed *In Forma Pauperis*. (Doc. 2.)

**Review of Plaintiff's Claims for Screening**

With regard to the Complaint, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009)( citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the

Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). If a plaintiff cannot satisfy these requirements, or fails to provide factual allegations in support of his claim, the complaint is subject to dismissal. *Id.* at 737-38.

On the complaint form filed in this case Plaintiff names as defendants three correctional officers at the Alachua County Jail: (1) Mr. Haberland, who is listed as a detention officer; (2) Mr. James, who is listed as a sergeant at the Alachua County Jail; and (3) Mr. Adkins, who is listed as a captain at the Alachua County Jail. In the style of the Complaint, and in the section of the complaint form describing the relief requested, Plaintiff also names the "Alachua County Jail."

The material facts alleged by Plaintiff in the Complaint – which the Court must accept as true for purposes of the frivolity review – are as follows. On September 24, 2010 Officer Haberland confiscated a letter in an envelope Plaintiff had written to a family member to be sent through the mail facilities at the Alachua County Jail. According to Plaintiff, Officer Haberland did not advise Plaintiff of the reason for confiscating the letter. The next day Plaintiff addressed the issue with Sergeant James, who advised Plaintiff that if was against the "rules of the jail" to permit letters to be mailed from the jail. Plaintiff submitted a grievance. In response to the grievance Sergeant James advised Plaintiff that the mail rules at the jail required all outgoing mail, other than legal mail, to be sent on a post card. Plaintiff then submitted a formal grievance to Captain Adkins. Captain Adkins denied the grievance advising Plaintiff that the policy at the jail required inmates to use only postcards for general outgoing mail.

Plaintiff contends that these actions violated his rights under the First and Fourth

Amendments of the Constitution. For relief, Plaintiff requests monetary damages from the "Alachua County Jail" and "the opportunity for inmates to correspond with whoever (sic) in a manner that is secure and not expose (sic) their communication to the public."

A review of the sufficiency of the claims against each Defendant, discloses several problems. First, the Alachua County Jail is not an entity that is subject to suit under 42 U.S.C. § 1983. The claim must be brought against the official in his or her official capacity who is charged with the overall responsibility for the policies and practices of the Alachua County Jail.

Second, the only conduct alleged against Officers Haberland, James and Adkins is that each of them followed and enforced the postcard policy at the Alachua County Jail. Where the challenged conduct against the supervisory official results from an official policy or custom the claims against the officials are considered to be in their official capacity and not in their individual capacity. *Scala v. City of Winter Park*, 116 F.3d 1396, 1399-1401 (11th Cir. 1997). A suit against governmental officials in their official capacity is tantamount to suing the governmental entity. *Jones v. Cannon*, 174 F.3d 1271, 1293 n. 15 (11th Cir. 1999). Consequently, because the claim brought by Plaintiff relates solely to the postcard policy, the claim in this case properly should name only the Sheriff of Alachua County in her official capacity.  Plaintiff will thus be given an opportunity to amend his complaint to name only the Sheriff of Alachua County in her official capacity.

With regard to whether Plaintiff's claims state a cause of action, the allegations in Plaintiff's complaint challenging the postcard policy as a violation of his First Amendment rights is sufficient for the claim to proceed beyond the frivolity review stage.

*Case No: 1:10-cv-250-SPM-GRJ*

Plaintiff's Fourth Amendment claim, however, is frivolous, has no legal basis and, therefore, should not be included in Plaintiff's amended complaint.

Courts have recognized that a jail's policy requiring inmates to use only postcards for general outgoing mail raises First Amendment concerns. *Procunier v Martinez*, 416 U.S. 396, 412-13 (1974), *overruled on other grounds* by *Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989); *see also Hamilton v. Hall*, case no. 3:10-cv-355-MCR-EMT (N.D. Fla. June 10, 2011)(denying a motion to dismiss a challenge to jail policy requiring all outgoing mail, except legal and other privileged correspondence, to be in postcard form.) Jail officials may review and censor inmates' outgoing non-attorney mail if: (1) the practice furthers an important or substantial governmental interest unrelated to the suppression of expression; and (2) the limitation of First Amendment rights is no greater than necessary or essential to protection of the governmental interest. *Id.* Whether the postcard only policy in this case satisfies this criteria remains to be determined after an amended complaint has been filed and served and after the Defendant has been given an opportunity to present evidence on these issues. As for now, however, the claim passes muster at the screening stage.

### Plaintiff's Motion to Proceed *In Forma Pauperis*

The Court has considered the information submitted by Plaintiff in support of his motion to proceed *in forma pauperis* and concludes that the motion is due to granted to the extent that the case may proceed without the prepayment of the entire filing fee. Because Plaintiff has insufficient funds, the Court will not require Plaintiff to pay an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1)(A). However, Plaintiff is hereby assessed the total $350.00 filing fee in this case.

*Case No: 1:10-cv-250-SPM-GRJ*

As funds become available in Plaintiff's prison account, he shall be required to make monthly payments of twenty percent of the preceding month's income (that is, all funds deposited into the account) credited to the account.  Upon receipt of this Order, the agency having custody of Plaintiff shall forward payments from Plaintiff's account on a monthly basis to the Clerk of Court each time the amount in the account exceeds $10.00.  These payments shall continue until the filing fee of $350.00 is paid in full. The following information shall either be included on the face of the check from the penal institution, cashier's check, or money order or attached thereto: (1) the full name of the prisoner; (2) the prisoner's inmate number (#); and, (3) the Northern District of Florida Case Number shown at the top of this order.  Checks or money orders which do not have this information will be subject to return.  Accordingly, the **Clerk** shall mail a copy of this Order to: the jail administrator Alachua County Jail, 3333 NE 39th Avenue, Gainesville, FL 32609

Plaintiff is warned that he is ultimately responsible for payment of the filing fee if the agency with custody over him/her lapses in its duty to make payments on his/her behalf.  For this reason, if Plaintiff is transferred to another jail or institution, Plaintiff should ensure that the new institution is informed about this lawsuit and the required monthly payments as set out herein.  Plaintiff is advised to retain a copy of this Order for this purpose.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. The Clerk is directed to send Plaintiff a blank prisoner civil rights complaint form and instructions.

2. Plaintiff shall fully complete the complaint form.  In amending his Complaint, Plaintiff shall not refer back to his original Complaint or

incorporate any part of his original Complaint by reference.  Plaintiff shall file the amended complaint, together with an identical copy of the amended complaint, **on or before September 23, 2011.**

3. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is **GRANTED**. The Clerk shall mail a copy of this Order to: the jail administrator Alachua County Jail, 3333 NE 39th Avenue, Gainesville, FL 32609

4. Failure to comply with this order within the allotted time, or to show cause why Plaintiff is unable to comply, will result in a recommendation to the district judge that the case be dismissed without further notice for failure to prosecute and for failure to obey an order of the court.

    **DONE AND ORDERED** this 1st day of September 2011.


    *s/ Gary R. Jones*
    GARY R. JONES
    United States Magistrate Judge