IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CLEVELAND LENEL JAMISON,

    Plaintiff,

v.                                                 CASE NO. 1:10-cv-250-SPM-GRJ

SHERIFF SADIE DARNELL,

    Defendant.

_____/

# REPORT AND RECOMMENDATION

Pending before the Court is the Motion To Dismiss filed by Defendant Sheriff Sadie Darnell. (Doc. 19.) Defendant asks the Court to dismiss the Plaintiff's First Amended Complaint. (Doc. 13.) Defendant filed the motion on February 2, 2012 and the Court entered an order to show cause on February 23, 2012 (Doc. 21) giving Plaintiff until March 9, 2012 to respond to the Defendant's motion. To date Plaintiff has not filed a response to the Defendant's motion. For the following reasons, the motion to dismiss is due to be granted.

## I. Background

In his First Amended Complaint, Plaintiff challenges the Alachua County Jail's policy of only allowing inmates at the Alachua County Jail to correspond with others outside the jail solely by means of postcards. (Doc. 13.) This policy is applicable to both incoming and outgoing mail. Plaintiff claims this policy violates his First Amendment rights. As relief Plaintiff seeks injunctive relief from the Court directing the Defendant to allow "inmates to be able to correspond with others out side of jail by way

of sending letters through an envelope." (Doc. 13 at 6.) Plaintiff also requests an award of monetary damages, specifically requesting "monetary gain in the sum of $50,000 or more to repay those in whom was charged a fee for the envelopes issue through indigent packages that had no use of them because of being a sentenced inmate that no longer had use for their attorney, which was the only use for the envelope issued by the jail." Id.

## II. The Defendant's Motion to Dismiss

Defendant Sheriff Sadie Darnell filed a motion to dismiss (Doc. 19) seeking dismissal of Plaintiff's claims for injunctive relief and monetary damages.  In support of her motion, Defendant argues Plaintiff's claim for injunctive relief is moot because Plaintiff is no longer in custody at the Alachua County Jail.  In support of this argument, Defendant notes Plaintiff has been transferred from the Alachua County Jail to the custody of the Florida Department of Corrections ("FDOC").  In support of this factual allegation, she cites Plaintiff's recent change of address notice (Doc. 17), which reflects he is currently in FDOC custody.  She also includes as an exhibit to her motion to dismiss a copy of Plaintiff's Inmate Population Information Detail entry on the FDOC's website, which also reflects Defendant is currently in FDOC custody.  (Doc. 19 Exh. A.)

Defendant also argues that Plaintiff's claim for monetary damages should be dismissed because Plaintiff is not seeking damages on his own behalf.  Defendant contends Plaintiff does not allege he has personally suffered any damages as a result of her postcard policy and, accordingly, Defendant contends Plaintiff does not have standing to seek damages on behalf of other inmates at the Alachua County Jail. Defendant further argues Plaintiff has not suffered physical injury as a result of the

Defendant's postcard policy at the Alachua County Jail and thus Plaintiff's own personal claim for damages should also be dismissed.

Defendant filed her motion on February 2, 2012 and the Court entered an order to show cause on February 23, 2012 (Doc. 21) giving Plaintiff until March 9, 2012 to respond to the Defendant's motion. To date Plaintiff has not filed a response to the Defendant's motion and the time for doing so has long since expired.

### III. Standard of Review

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968). For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. See, e.g., Jackson v. Okaloosa County, Fla., 21 F.3d 1532, 1534 (11th Cir.1994). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. FED R. CIV. P. 10(c); GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir.1993).

In Ashcroft v. Iqbal, ___U.S. ___, 129 S.Ct. 1937, 1950 (2009), the Supreme Court articulated a two-pronged approach for evaluating a motion to dismiss under Rule 12(b)(6): The court must first determine what factual allegations in the complaint are entitled to a presumption of veracity, and then assess whether these facts give rise to an entitlement for relief. In determining whether factual allegations are entitled to the presumption of truth, the Court stated that it was not whether the facts are "unrealistic or nonsensical" or even "extravagantly fanciful," but rather it is their conclusory nature

that "disentitles them to the presumption of truth." Iqbal, 129 S.Ct. at 1951. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 546 (2007). "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." Hopkins v. Saint Lucie County School Bd., No. 10-11252, 2010 WL 3995824, at *1 (11th Cir. Oct. 13, 2010)(citations omitted)(applying pleading standards of *Iqbal* and *Twombly* to *pro se* complaint).[1]

## IV. Discussion

Courts have recognized that a jail's policy requiring inmates to use only postcards for general outgoing mail raises First Amendment concerns. Procunier v Martinez, 416 U.S. 396, 412-13 (1974), *overruled on other grounds* by Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989); *see also* Hamilton v. Hall, case no. 3:10-cv-355-MCR-EMT (N.D. Fla. June 10, 2011)(denying a motion to dismiss a challenge to jail policy requiring all outgoing mail, except legal and other privileged correspondence, to be in postcard form). Jail officials may review and censor inmates' outgoing nonattorney mail if: (1) the practice furthers an important or substantial governmental interest unrelated to the suppression of expression; and (2) the limitation of First Amendment rights is no greater than necessary or essential to protection of the governmental interest. Id.

In this case, Plaintiff challenges the policy of the Alachua County Jail requiring inmates to use postcards for both incoming and outgoing mail. As relief Plaintiff seeks

---

[1] Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority.

monetary damages and injunctive relief. In Defendant's motion to dismiss, Defendant requests the Court to dismiss both the claim for injunctive relief and the claim for monetary damages. The Court will discuss each claim separately below.

A.    **Plaintiff's Claim for Injunctive Relief**

Plaintiff's claim for injunctive relief is due to be dismissed because Plaintiff is no longer in the Defendant's custody at the Alachua County Jail. "The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief." McKinnon v. Talladega County, Ala., 745 F.2d 1360, 1363 (11th Cir. 1984). Plaintiff is currently in the custody of the FDOC and has been since at least November 23, 2011, when he filed a Notice of Change of Address to update his current address to an FDOC facility. (Doc. 17; Doc. 19 Exh. A.) Plaintiff also cannot maintain a claim for injunctive relief on behalf of other inmates currently in custody at the Alachua County Jail, as he lacks standing to raise claims regarding the violation of other inmates' constitutional rights. James v. Adams, No. 3:09-cv-915-J-34JRK, 2010 WL 51611642, at *8 (M.D. Fla. Dec. 14, 2010)("Plaintiff's request for injunctive relief on behalf of CM prisoners housed at FSP is improperly before this Court. Plaintiff cannot represent the interests of other inmates; they may initiate their own separate civil rights actions and seek relief."). Accordingly, the motion to dismiss should be granted with respect to Plaintiff's claim for injunctive relief in the First Amended Complaint.

B.    **Plaintiff's Claim For Damages**

In the First Amended Complaint, Plaintiff "seek[s] monetary gain in the sum of $50,000 or more to repay those in whom was charged a fee for the envelopes issue through indigent packages that had no use of them because of being a sentenced inmate that no longer had use for their attorney, which was the only use for the

envelope issued by the jail." (Doc. 13 at 6.) Defendant contends this means Plaintiff is not requesting damages on his own behalf but rather is requesting damages on behalf of other inmates at the Alachua County Jail whose First Amendment rights were violated by Defendant's policy. According to Defendant, Plaintiff does not possess standing to sue Defendant on behalf of other inmates and therefore the Court should dismiss Plaintiff's claim for damages.

### 1. Damages on Behalf of Other Inmates

Plaintiff clearly does not have standing to seek an award of damages on behalf of other inmates in the Alachua County Jail. A plaintiff invoking federal court jurisdiction must show "(1) an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent, (2) a causal connection between the injury and the causal conduct, and (3) a likelihood that the injury will be redressed by a favorable decision." Tanner Adver. Group v. Fayette County, 451 F.3d 777, 791 (11th Cir. 2006). In order to have standing to bring a claim, a plaintiff must assert his own legal rights and interests, not those of a third party. Church v. City of Huntsville, 30 F.3d 1332, 1336 (11th Cir. 1994). Consequently, Plaintiff does not have standing to seek damages on behalf of other inmates at the Alachua County Jail for violations of the First Amendment rights of those inmates. The motion to dismiss should therefore be granted to the extent Plaintiff seeks damages on behalf of other inmates at the Alachua County Jail.

### 2. Damages for Plaintiff's Own Injuries

Although it is unclear whether Plaintiff is even seeking an award of monetary damages on his own behalf, to the extent he is, Plaintiff cannot recover compensatory damages for Defendant's violations of Plaintiff's First Amendment rights. The Prison Litigation Reform Act ("PLRA") provides in pertinent part "No Federal civil action may be

brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff does not allege he has suffered any physical injury as a result of the Defendant's purported violations of Plaintiff's First Amendment rights and, accordingly, to the extent Plaintiff is claiming monetary damages in the amount of $50,000 for his compensatory damages the claim is due to be dismissed.

Lastly, although some courts have recognized that a prisoner can recover nominal damages under the PLRA even absent a physical injury – *see e.g. Harvey v. Andem*, No. 3:09-cv-402-WS-CJK, 2011 WL 2532681, at *26 (N.D. Fla. May 19, 2011) – the Plaintiff has not requested nominal damages in his First Amended Complaint. Moreover, the Eleventh Circuit has never squarely addressed this issue and instead has deferred addressing the issue. *See, e.g. Harris v. Garner*, 190 F.3d 1279, 1288 n.9 (11th Cir.1999), opinion reinstated in part on reh'g, 216 F.3d 970 (11th Cir.2000)(en banc)("We express no view on whether section 1997e(e) would bar an action for nominal damages that are normally available for the violation of certain "absolute" constitutional rights, without any showing of actual injury."); *Al-Amin v. Smith*, 637 F.3d 1198, 1199 n.10 (11th Cir. 2011)("We also stress that this opinion does not address Al-Amin's ability to recover nominal damages, as this issue is not presently before us.").

Consequently, because Plaintiff has not requested nominal damages – and the law is not completely resolved on the issue – the First Amended Complaint should be dismissed without prejudice so that Plaintiff may have an opportunity to file an amended complaint if he intends to seek nominal damages only, failing which Plaintiff's First Amended Complaint should be deemed dismissed with prejudice without further notice.

## V. Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that Defendant's Motion To Dismiss (Doc. 19) should be **GRANTED**. Plaintiff's claims for injunctive relief and for monetary damages in the First Amended Complaint should be dismissed. Plaintiff, however, should be granted leave to file an amended complaint within twenty days of the Court's order for the sole purpose of bringing a claim for nominal damages, failing which the First Amended Complaint should be deemed to have been dismissed with prejudice.

**IN CHAMBERS** in Gainesville, Florida this 24th day of April 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**